This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40716**

**CITY OF AZTEC,**

Plaintiff-Appellant,

v.

**LONZO SHOEMAKE,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Curtis R. Gurley, District Court Judge**

Stalter Law LLC
Kenneth H. Stalter
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** The City of Aztec (the City) appeals the district court's judgment granting Defendant's motion to suppress. This Court issued a notice of proposed summary disposition, proposing to affirm. The City filed a memorandum in opposition to the proposed summary disposition, which we have duly considered. Unpersuaded that the calendar notice was in error, we affirm.

**{2}** Our notice proposed to affirm based on our suggested agreement with the district court that the officer's belief that the statute required Defendant's temporary registration

permit to be visible from further away was a misunderstanding of the law, and that his suspicion for the stop was thus founded on a mistake of law, and, without a separate basis for reasonable suspicion, the stop should be suppressed. [CN 1-7] We proposed to defer to the district court's findings of fact regarding at what point the permit was visible to the officer. [CN 4]

{3}    In its memorandum in opposition, the City couches its arguments somewhat differently, and now contends that the district court erred in "focusing exclusively on the visibility of the permit," as the statute requires the permit also be "readable"; substantial evidence did not support a finding that it was readable; and the officer was not mistaken in his understanding of the law. [MIO 2-9] *See* NMSA 1978, § 66-3-18(B) (2018) ("A demonstration or temporary registration permit shall be firmly affixed to the inside left rear window of the vehicle to which it is issued, unless such display presents a safety hazard or the . . . permit is not visible or readable from that position, in which case, the demonstration or temporary registration permit shall be displayed in such a manner that it is clearly visible from the rear or left side of the vehicle."). Based on these assertions, the City continues to contend that the district court erred in suppressing the stop. [MIO 9-10]

{4}    We consider the City's reframed arguments to essentially be arguing one new point: that of readability. We note that beyond repeating the readability language in the statute, the City is not advancing any new legal argument, and to the extent it is repeating those made in the docketing statement, we are unpersuaded that it has demonstrated error. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. To the extent the City repeats the same arguments, we affirm for the reasons stated in the proposed disposition.

{5}    Turning to the issue of readability, we note that the City has not identified any facts or testimony that would distinguish our analysis of readability from the district court's findings regarding visibility of the permit. We note that there is no indication from the record, nor has the City identified any such testimony, that the permit was unreadable, beyond the fact that the officer testified that he did not see it before initiating the stop. The focus of the evidence below was whether the permit was visible at all, and the City has not distinguished how our analysis would differ if the Court was considering the hypothetical readability of a permit that the officer had testified was not visible before the stop. The City's implied assertion that, because the officer testified he did not see the permit until after he had initiated the stop, somehow the driver had placed his permit in a way such that it was unreadable, is not persuasive. [MIO 3]

{6}    Under the facts and circumstances of this case, we conclude that the City has not demonstrated that the district court erred in suppressing the results of the stop, nor

in failing to find that the permit was unreadable. Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{7}     IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**KATHERINE A. WRAY, Judge**